## Case No. 15,220.

### UNITED STATES v. GODDARD.

[4 Cranch, C. C. 444.] [1]

Circuit Court, District of Columbia. March Term, 1834.

CRIMINAL PRACTICE—MULTIPLYING INDICTMENTS.

Nine cows, belonging to divers persons, were stolen by the defendant from the commons, in or about the city of Washington, and the grand jury found nine separate indictments. Six were averred to be on the same day. The court refused to quash any of them.

The grand jury found nine indictments against the defendant [Joseph Goddard] for stealing nine cows belonging to nine different persons. Six of them were charged to have been stolen on the same day, the 14th of October, 1833.

Mr. Z. C. Lee, for defendant, moved the court to quash the six indictments in which the thefts were charged to have been committed on the same day, insisting that the six indictments were all for one and the same offence; and cited 1 Chit. Cr. Law. 254. The defendant may be punished six times as much as if the whole were included in one indictment, and the United States will be charged $90 for attorney's fees in nine cases, when, in truth, there was but one theft, and one attorney's fee of $10 only should be charged.

Mr. Key, Dist. Atty., contra. It does not appear that it was only one theft because charged on the same day. If all had been charged in one indictment, the defendant might have objected; but he cannot object to their being separately charged.

Mr. Hall, for defendant, in reply. It is an application to the discretion of the court. If the attorney might have joined them in one indictment, they ought to be so joined.

THE COURT (THRUSTON, Circuit Judge, contra) refused to quash any of the indictments, because it did not appear to them that the cows were all stolen at the same time and place. It is true that they were all averred to have been stolen in this county, and six of them on the 14th of October, 1833; but as the day was immaterial, and perhaps could not be exactly ascertained in evidence, and it was competent for the United States to prove that they were stolen on different

days, and, if so, were separate acts of stealing, and separate offences, the court could not say they were not, and would do wrong to quash them, especially as the cows belonged to divers persons. If they had all been contained in one indictment, the defendant might have objected to it, and perhaps have obliged the attorney of the United States to make his election as to which theft he would prosecute; and, if they had been charged in separate counts, as they should if they were separate offences, the punishment might be exactly the same as if they had been charged in separate indictments; for each offence must have its separate punishment, and the only difference would be in the costs. If one only of the six should be retained for trial, who should say which it should be? and perhaps the one selected might be the only one which the United States could not support. See U. S. v. Beerman [Case No. 14,560], March term, 1838.